IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIBERTE CAPITAL GROUP,

      Plaintiff,      Case No. 5:99 CV 818

 -vs-

                    O R D E R

JAMES A. CAPWILL, et al.,

      Defendant.

KATZ, J.

  This matter is before the Court *sua sponte* on the appointment of an expert witness. Federal Rule of Evidence 706 provides as follows:

> **(a) Appointment.** The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have an opportunity to participate. A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any part; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

  The advisory note to Fed. R. Evid. 706 address the "inherent power of a trial judge to appoint an expert." *See also, Tangwall v. Robb,* 2003 WL 23142190 *3 (E.D. Mich. 2003) (unpublished) (collecting cases discussing trial court's inherent authority to appoint an expert).

While most often encountered in science related cases, *see General Elec. Co. v. Joiner,* 522 U.S. 147, 149-150, 118 S.Ct. 512, 520-521, 130 L.Ed.2d 508 (1997) (Breyer, J.), ability of the trial court to appoint its own expert is driven by need for an alternative source of authority in complex matters and in exceptional cases. Given the length and complexity of this litigation, its evolution into an action with two investor classes and a receivership estate, the Court is of the view that in order to make a reasoned determination on disbursement matters, it requires appointment of an expert on accounting matters.

For these reasons, the Court appoints David R. Tantlinger as its expert *nunc pro tunc* as of May 5, 2005. Mr. Tantlinger's contact information is as follows:

> 8391 East Washington Street
> Chagrin Falls, OH 44023
> (440) 708-2383 (office)
> (440) 708-2385 (fax)
> dave@tantlingercpa.com

IT IS SO ORDERED.

        s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE