IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIBERTE CAPITAL GROUP,

                                Plaintiff,                    Case No. 5:99 CV 818

       -vs-

                                                    O  R  D  E  R

JAMES A. CAPWILL, et al.,

                               Defendant.

KATZ, J.

      This matter is before the Court on the Intervenors' motion for reconsideration (Doc. No. 2330) of the April 22, 2003 Order.  Also before the Court is the Plaintiff's opposition (Doc. No. 2366) and the Intervenors' reply (Doc. No. 2378) thereto.  In addition, the Court also has before it the Intervenors' original motion for reconsideration (Doc. No. 1993, Ex. A).   For the reasons stated below, the Intervenors' motion is denied as moot.

## BACKGROUND

      Distilled to its essence, this is a viatical insurance fraud case nearing its sixth year of existence.  The litigation spawned from this main case includes multiple actions, mainly civil in nature, both in federal and state courts.   This litigation has also resulted in related criminal convictions for the principals of the main entities, Liberte Capital Group and Alpha Capital Group.  The victims in this financial debacle are the investors who have lost all sums they invested in these viatical settlement.

As the parties and their counsel are familiar with aforementioned litigation history, the Court deems it necessary only to touch upon the involvement of the Intervenors as it relates to the present motion.

In 2002 as a result of the *Liberte* litigation, the Receiver initiated suits against the Intevenor Banks[1] alleging claims, *inter alia*, sounding in RICO, aiding and abetting, negligence, seeking contribution and indemnity therein.

In April 2003 upon a joint motion by the Receivers for an additional statement of authority (Doc. No. 1979), this Court recognized the evolving nature of the litigation, a stark contrast from the original suit filed.  Receivers had been appointed to take charge of Viatical Escrow Service ("VES") and Capital Fund Leasing ("CFL"), as well as Alpha Capital Group ("Alpha") and those entities were now defunct with the Receiver's efforts solely directed to the recovery of assets for the benefit of the investors.  As a result, the Court held that the Receivers were "empowered to represent and pursue the interests of the investors directly."  (Doc. No. 1982.)    The Intervenors sought to intervene in this litigation and requested the Court reconsider its April 2003 Order expanding the Receiver's authority.  The Court denied intervention under Fed. R. Civ. P. 24(a) and (b).  On appeal, the Sixth Circuit affirmed the denial of intervention as matter of right but reversed on the issue of permissive intervention under Rule 24(b).  *Liberte Capital Group v. Capwill*, Case No. 03-4278 (6th Cir. Feb. 23, 2005) (unpublished).

---

[1]

*Wuliger v. Liberty Bank*, N.A., Case No. 02 CV 1378; *Wuliger v. U.S. Bankcorp* (as successor to Firstar Bank f/k/a Star Bank N.A., Case No. 02 CV 1513; and *Wuliger v. KeyBank National Association*, Case No. 02 CV 2160 (collectively referred to as "Intervenors or Intervenor Banks").

In the viatical bank litigation and prior to the Circuit ruling above, this Court denied the Banks' motions to dismiss on the issue of standing.  In finding the Receivers had standing to bring the action against the Banks, the Court noted as follows:

"Because this Court finds the Receiver has standing to bring this action on behalf of the VES and CFL entities, it is unnecessary to discuss the propriety of the Receiver's standing as it pertains to investor claims."

*Wuliger v. KeyBank,* (Doc. No. 56 at p. 11); *Wulgier v. Star Bank*, (Doc. No. 62, p.11); *Wuliger v. Liberty Bank*, (Doc. No. 64 at p.11).    In addition, the Court addressed the Receiver's standing as it pertained to the issue of negligence as follows:

Central to a claim of negligence, however, is a duty which has been breached by a defendant.  Therefore, the first question requires examination to whom a duty is owed.  *Since the Receiver stands in the shoes of the entities, he cannot assert claims on behalf of the investors since they were not customers of the Defendant*. It is clear that even in the context of a fiduciary relationship, a bank owes no fiduciary duty to its own customers 'in a commercial context when the parties deal at arm's length.'  In the absence of an agreement between the parties, a bank's obligation is limited to the exercise of ordinary care.  *Therefore, the duty of ordinary care was owed to the Capwill related entities.*

*KeyBank.* at p.20; *Star Bank* at p. 24; *Liberty Bank* at p. 23 (emphasis added) (citations omitted).

In their motion for reconsideration, the Intervenor Banks state their belief that the only claims to be pursued by the Receiver in the bank litigation are the claims belonging to VES and CFL and not those pertaining to the investors.   This Court has reviewed the bank litigation opinions of March 4, 2004 and January 6, 2006, each of which address motions to dismiss involving the complaint and amended complaint.  The issue of standing was only addressed in the opinion of March 4, 2004.   Having reviewed those opinions, the Court finds that the claims at issue are those brought by the Receiver which are asserted on behalf of the entities, VES and CFL and not the investor classes.  Therefore, in this Court's view, the issue for reconsideration is a

moot issue and further discussion of that issue would serve no useful purpose for purposes of the bank litigation.

## CONCLUSION

Accordingly, for the reasons set forth above, the Intervenors' motion for reconsideration (Doc. No. 2330) is denied as moot.

IT IS SO ORDERED.


  s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE

4