IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIBERTE CAPITAL GROUP,

                Plaintiff,        Case No. 5:99 CV 818

   -vs-

                                    MEMORANDUM OPINION

JAMES A. CAPWILL, et al.,

                Defendant.

KATZ, J.

This matter is before the Court *sua sponte* on the issue of a ruling under Fed. R. Civ. 54(b).

## DISCUSSION

*I. Rule 54(b)*

    *A. Rule 54(b) Standard*

Rule 54(b) of the Federal Rules of Civil Procedure provides that:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).

Rule 54(b) was enacted as "a response to the need created by the liberal joinder provisions of the Federal Rules of Civil Procedure to revise 'what should be treated as a judicial unit for purposes of appellate jurisdiction.'" *Corrosioneering v. Thyssen Environmental Systems*, 807 F.2d 1279, 1282 (6th Cir. 1986)(citation omitted). The Rule "'attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.'" *Id.* (citations omitted). The determination of whether to allow for an appeal pursuant to Rule 54(b) is a matter left to the discretion of the district court. *Id*.

### B. *Entry of Final Judgment*

The first requirement for Rule 54(b) certification is that this Court "direct the entry of final judgment as to one or more but fewer than all the claims or parties." Fed.R.Civ.P. 54(b). That requirement appears to be partially satisfied in the instant case. "[T]he concept of a 'claim' under Rule 54(b) denotes the aggregate of operative facts which give rise to a right enforceable in the courts." *General Acquisition, Inc. v. Gencorp., Inc.*, 23 F.3d 1022, 1028 (6th Cir. 1994) (internal quotation and citation omitted). The "operative facts" which gives rise to a claim against the Receiver are distinct from those raised against Capwill or the claims asserted by the various victims and/or creditors. Since the Intervenors' claims against the Receiver implicates distinct legal rights and a final determination on the claims therein, the entry of summary judgment in the Receiver's favor constitutes final judgment with respect to that claim. *See Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002).

### C. *No Just Reason to Delay Appellate Review*

2

In addition to satisfaction of the multiple claims requirement, Rule 54(b) also requires that this Court make an "express determination that there is no just reason for delay" of appellate review. Fed.R.Civ.P. 54(b). The Sixth Circuit set forth a "nonexhaustive list" of factors for the district court to consider in *Corrosioneering*, *supra*, as follows:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. Depending upon the factors of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering*, 807 F.2d at 1283 (quoting *Allis-Chambers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir. 1975)).

Mindful of the Sixth Circuit's admonition that Rule 54(b) appeal should be limited to "infrequent harsh case[s]", *Rudd Construction Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983), this Court believes that an analysis of the *Corrosioneering* factors mitigates in favor of certification of this declaratory action against the Receiver. The relationship between the adjudicated and unadjudicated claims is such that they would be most efficiently dealt with in a single proceeding.

There is little possibility that the need for review of the claim against the Receiver will be made moot by adjudication as this claim is tangentially related to the remaining claims. The issue involves pursuit of a claim which represents a potential recovery. A determination by the Sixth Circuit will not undermine the current status of the action as the Sixth Circuit has already approved a *pro rata* method of disbursement to the Liberte investors and assuming the present

settlement agreement between the Liberte and Alpha investors is approved, an interim disbursement will proceed forward.

If certification is not granted, the Intervenors' position on the arbitration will be further delayed and as their claims are distinct from the pending disbursement, there is no just reason to delay appeal of this declaratory claim against the Receiver. Judicial economy is clearly served by certifying the final judgment as to that claim for appeal.

## CONCLUSION

For the foregoing reasons and in order to prevent manifest injustice, this Court's March 15, 2006 determination (Doc. Nos. 2430 and 2431) are certified for appeal pursuant to Rule 54(b) as there is no just reason to delay appeal of the claim against the Receiver.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    SENIOR U. S. DISTRICT JUDGE