IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIBERTE CAPITAL GROUP,

                Plaintiff,         Case No. 3:99 CV 818

-vs-

                                  O R D E R

JAMES A. CAPWILL, et al.,

                Defendant.

KATZ, J.

### FAIRNESS HEARING

On April 10, 2006, the Court conducted a fairness hearing on the proposed Liberte Capital Group/Alpha Capital Group ("Liberte/Alpha") Settlement Agreement. Present at the hearing were class counsel for both the Alpha and Liberte Investor classes as well as each class representative. Also in attendance was the General Receiver, the Assistant United States Attorney and the Trustee for the Heritage Financial Network, Inc., as well as a small number of individual investors. The road to the fairness hearing has been long and frustrating, especially to the investors who are the victims at the center of this financial debacle. Since the inception of this case in1999, there have been Eighteen Status Reports filed by the various Receivers. The Court acknowledges the assistance of not only class counsel but that of the present Receiver forwarding with all involved to achieve the present settlement. Additionally, the Court recognizes the efforts of the court-appointed expert, David Tantlinger, and mediator, the Hon. Richard B. McQuade guiding the parties through the resolution process successfully.

Class counsel for each investor group reiterated their understanding that notice of the agreement had been mailed to every known investor in the class. The Receiver confirmed that 99% of the Alpha investors were notified and that 91.4% of the Liberte investors received notice of the proposed settlement. Each class representative present also acknowledged assent to the agreement. The Court acknowledges that only one written objection regarding the proposed settlement from an Alpha investor was filed and that this investor did not appear at the fairness hearing. No other investors present at the hearing asked to be heard on the proposed agreement. The Trustee for Heritage Financial Network, representing a group of Alpha investors, stated his approval of the settlement. Based upon the written filings and oral representations at the hearing, the Court finds that proper notice was afforded the Liberte and Alpha investors. The Court has also carefully reviewed the settlement agreement and finds it to be fair and equitable. Although it is true that the investors will never be made whole, the settlement is as fair and equitable as possible in light of the assets and the history of this case. Accordingly and for the reasons set forth above, the Court approves the Liberte/Alpha Settlement Agreement. The Receiver is directed to submit a status report in 45 days regarding the status and timing of the initial disbursement.

## RULE 54(B) RULING

*A. Rule 54(b) Standard*

Rule 54(b) of the Federal Rules of Civil Procedure provides that:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is

> no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).

Rule 54(b) was enacted as "a response to the need created by the liberal joinder provisions of the Federal Rules of Civil Procedure to revise 'what should be treated as a judicial unit for purposes of appellate jurisdiction.'" *Corrosioneering v. Thyssen Environmental Systems*, 807 F.2d 1279, 1282 (6th Cir. 1986)(citation omitted). The Rule "'attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.'" *Id.* (citations omitted). The determination of whether to allow for an appeal pursuant to Rule 54(b) is a matter left to the discretion of the district court. *Id*.

*B. Entry of Final Judgment*

The first requirement for Rule 54(b) certification is that this Court "direct the entry of final judgment as to one or more but fewer than all the claims or parties." Fed.R.Civ.P. 54(b). That requirement appears to be partially satisfied in the instant case. "[T]he concept of a 'claim' under Rule 54(b) denotes the aggregate of operative facts which give rise to a right enforceable in the courts." *General Acquisition, Inc. v. Gencorp., Inc.*, 23 F.3d 1022, 1028 (6th Cir. 1994) (internal quotation and citation omitted). In this instance, the claims of investors who object to the approved settlement agreement are distinct from those raised against Capwill or other claims

3

against the Receiver. Since the investor claims implicate distinct legal rights and a final determination on the claims therein implicates distribution of funds, the above adjudication constitutes final judgment with respect to those claims. *See Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002).

*C. No Just Reason to Delay Appellate Review*

In addition to satisfaction of the multiple claims requirement, Rule 54(b) also requires that this Court make an "express determination that there is no just reason for delay" of appellate review. Fed.R.Civ.P. 54(b). The Sixth Circuit set forth a "nonexhaustive list" of factors for the district court to consider in *Corrosioneering*, *supra*, as follows:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. Depending upon the factors of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering*, 807 F.2d at 1283 (quoting *Allis-Chambers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir. 1975)).

Mindful of the Sixth Circuit's admonition that Rule 54(b) appeal should be limited to "infrequent harsh case[s]", *Rudd Construction Equip. Co., Inc. v. Home Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983), this Court believes that an analysis of the *Corrosioneering* factors mitigates in favor of certification of this settlement agreement as it impacts distribution of recovered assets. The resolution of a distribution to the investor victims is warranted in this seven year old case and further prospects of delay would be contrary to interests of justice.

4

There is little possibility that the need for review of this settlement agreement will be made moot by a future adjudication as this claim is tangentially related to the remaining claims. A determination by the Sixth Circuit will not undermine the current status of the action as the Sixth Circuit has already approved a *pro rata* method of disbursement to the Liberte investors. An appeal of a similar determination regarding the Alpha investors was resolved at the appellate level amongst the parties. If certification is not granted, disbursement to the investors will be further delayed. As there is no just reason to delay appeal of this settlement agreement between the Liberte and Alpha investors, judicial economy is clearly served by certifying a final judgment as to that claim for appeal.

## CONCLUSIONS

For the reasons set forth above and in order to prevent manifest injustice, the Court approves the Liberte/Alpha Settlement Agreement. This Order is to be filed nunc pro tunc as of April 10, 2006. The Receiver is directed to submit a status report in 45 days regarding the status and timing of the initial disbursement. Finally, this Order is certified for appeal pursuant to Rule 54(b) as there is no just reason to delay appeal of this settlement agreement.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE