IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **LIBERTE CAPITAL GROUP, LLC,** *et al.* ) | |
| ) | **Case No.: 5:99 CV 818** |
| **Plaintiffs,** ) | |
| ) | **JUDGE: David A. Katz** |
| vs. ) | |
| ) | |
| **JAMES A. CAPWILL,** *et al.,* ) | **ORDER** |
| ) | |
| **Defendants.** ) | |

This matter is before the Court on the Receiver's Motion for Order Resolving Rights of Alpha Investors vis-à-vis Kelco Restitution and Remission Funds (Doc. No. 2501) filed on December 18, 2006, and relating to the assets seized by the federal government relating to a related criminal matter entitled *United States v. Stephen Keller, et al.,* Criminal Case No. 02-95, pending in the U.S. District Court for the Eastern District of Kentucky. The Receiver's Motion followed an order by Judge Karl S. Forester of that Court staying the distribution of approximately $600,000 in assets originally seized for forfeiture but now set aside for restitution pending the resolution of certain civil questions by this Court. The Court has received no responses to the motion, although it was served on both the U.S. Attorney's Office in Kentucky and the eighteen individual Alpha class members affected thereby. The Court finds the Receiver's Motion to be well-taken and the requested Order necessary to preserve equity among the members of the Alpha Class. Accordingly, it is hereby:

**ORDERED** that the seventeen members of the Alpha Class who are named as victims in the restitution order in *U.S. v. Keller* and who also executed authorizations

enabling the Receiver to pursue collection of remission proceeds on their behalf from all assets seized pursuant to the preliminary orders of forfeiture issued in that case, and specifically from the funds contained in Account # 7232111521 located at the Fifth Third Bank in Cincinnati, Ohio, Asset ID: 04-USP-000026, have effectively assigned their interest in restitution proceeds originating from the same account to the Alpha Receiver to be distributed in accordance with the orders of this Court including the Court's adoption of a *pro rata* distribution methodology (Doc. No. 2129). It is further

**ORDERED** that, having elected not to opt-out of the Alpha Class, all eighteen victims named in the restitution order in *U.S. v. Keller* are subject to all prior Orders of this Court in this case, including the Orders assigning all viaticated policies matched to Alpha investors (Doc. Nos. 172 and 1658), and all choses in action against Alpha brokers and agents relating to the investment in such policies (Doc. No. 1758), to the Alpha Receiver, as well as the Order adopting a *pro rata* distribution methodology with respect to all proceeds deriving therefrom (Doc. No. 2129). It is further

**ORDERED** that, pursuant to the above-referenced Orders, the right of all eighteen victims named in the restitution order in *U.S. v. Keller* to collect proceeds from any source (including court-ordered restitution) deriving from the loss of investment funds matched to policies purchased from Kelco, Inc. which were subsequently rescinded for fraud has been assigned to the Alpha Receiver and replaced with an equitable interest in the Alpha Receivership estate.

**IT IS SO ORDERED.**

                                               /s/ *David A. Katz*
                                               DAVID A. KATZ
                                               U.S. DISTRICT JUDGE