IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIBERTE CAPITAL GROUP,

                Plaintiff,          Case No. 5:99 CV 818

-vs-

                                          MEMORANDUM OPINION

JAMES A. CAPWILL, et al.,

                Defendant.

KATZ, J.

As the parties and counsel are all to familiar with the history behind this litigation, the Court finds it unnecessary to repeat that history. This matter is before the Court on the Class Representatives' unopposed motions for incentive awards. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, the Class Representatives' motions are granted

## MOTIONS FOR INCENTIVE AWARDS

*A. Guidelines*

Incentive awards are given to class representatives where their "services were vital to the prosecution of the litigation." 4 MOORE'S FEDERAL PRACTICE § 23.164[6] (3d ed. 2006). Incentive awards have been deemed appropriate where the class representative performed extensive service or faced a risk in spearheading the litigation. A contrary view advocates against these awards as it allows for a bonus recovery and may influence a settlement to the detriment of the class. 4 NEWBERG ON CLASS ACTIONS, § 11.38 (4TH ED. 2002).

While the Sixth Circuit has not specifically spoken on this issue, they have recognized that ,"[T]here may be circumstances where incentive awards are appropriate," noting, "incentive

awards are usually viewed as extensions of the common-fund doctrine, a doctrine which holds that a litigant who recovers a common fund for the benefit of persons other than himself is entitled to recover some of his litigation expenses from the fund as a whole." *Hadix v. Johnson,* 332 F.3d 895, 898 (6th Cir. 2003), citing *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980).

The propriety of incentive awards is largely fact specific and the courts considering such requests have examined the following factors in such a determination:

> (1) the extent to which actions taken by the class representative protect the interests of the entire class and whether those actions resulted in a substantial benefit to the entire class; (2) whether the class representative assumed substantial direct and indirect financial risk; and (3) the amount of time and effort expended by the class representative in pursuit of the litigation.

*Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991). *See also Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998); *Sheppard v. Consolidated Edison Co. of New York,* Case No. 94-CV-0403, 2002 WL 2003206 at *5 (E.D.N.Y. 2002); *Cullen v. Whitman Medical Corp.,* 197 F.R.D. 136, 145 (E.D. Pa. 2000); *Roberts v. Texaco, Inc.,* 979 F.Supp. 185, 200 (S.D.N.Y. 1997).

Incentive awards, where appropriate, generally range from a few thousand dollars to $85,000. *See e.g. Cullen,* 197 F.R.D. 136 ($7.3 million dollar common fund and six plaintiffs granted incentive awards of $1,900.00 to $10,400); *Roberts,* 979 F.Supp. 185 ($115 million dollar settlement and six plaintiffs granted incentive awards ranging from $2,500.00 to $85,000); *In re Remeron End-Payor Antitrust Litigation*, 2005 WL 2230314 (D.N.J. 2005) (recovery of $36 million dollars with incentive payments totaling $75,000 for six named plaintiffs); *Cook,* 142 F.3d 1004 (recovery of $14 million dollars and incentive award to class representative of $25,000); *Enterprise Energy Corp.,* 137 F.R.D. 240 (recovery of $56.6 million dollars and six

corporate class representatives granted incentive awards of $50,000 each); *In re Dunn & Bradstreet Credit Services Customer Litig.*, 130 F.R.D. 366, 373-374 (S.D. Ohio 1990) (settlement fund of $18 million dollars and incentive awards to five class representatives ranged from $35,000 to $55,000 each).

*B. Discussion*

In the present action, consideration of incentive awards is appropriate as there has been a recovery by the General Receivership Estate and a common fund exists for the two investor classes. *See Hadix*, 322 F.3d at 898. This is because in early 2006, both investor classes resolved a dispute over the recovered assets. As a result, the Liberte class was allocated $11.1 million dollars, after expenses. (Doc. No. 2448.) The Alpha class was allocated $7.7 million dollars after expenses as well as ownership to multiple insurance policies. (*Id.*)

Both class representatives have undertaken actions to protect the interests of the class well before they were designated as such. For example, Liberte class representative, John Wayne Lazar, undertook a leadership role as he intervened in the *Liberte* action more than six months before the class was certified. Similarly, Alpha Class representative, Frederick Stierheim, also engaged in pre-appointment activity on behalf of the Alpha investors. Both class representatives testified at the criminal trials of the company principals, which ultimately resulted in convictions. Due to their efforts, the Court is persuaded that each respective class has benefitted from actions of the class representatives. For example, both representatives fielded numerous investor inquiries and <u>continue</u> to provide information to their respective investor classes. In addition, the representatives have actively participated in the mediation process which resulted in a settlement as between the investor classes, (Doc. No. 2422), and,

3

most importantly to the class, disbursements to the respective class members. (Doc. Nos. 2455, 2469, 2499, 2500, and 2537.)

Each of the representatives has expended considerable time, effort and personal expense devoted to this litigation which is in its eighth year of existence. The diligent work of the class representatives has greatly contributed to advancing the litigation and resulted in disbursements to the class at large. Having considered the various factors, it is clear that each representative is entitled to an incentive award.

The amount of the incentive award presents a greater challenge for the Court. Mr. Lazar, the Liberte class representative requests an award of $128,213.83. Mr. Stierheim, the Alpha class representative, seeks an award of $124,892.47.

The contributions of these representatives have been significant both in terms of substance and duration. However, the Court is mindful that an incentive award is not intended to provide a recovery for all litigation expenses. *Hadix*, 322 F.3d at 898. Cognizant of the representatives' contributions but keeping in mind the proportionality which must temper this decision, out of an abundance of fairness will reduce the requested hourly fee from $80 per hour to $60 per hour. Accordingly, the Court awards each class representative an incentive award which reflects the hours expended at $60/ hour as well as expenses for service to their respective class members.

## **CONCLUSION**

Accordingly, the Court grants Liberte's amended motion for approval of an incentive award for John Wayne Lazar (Doc. No. 2533) in the amount of $97,133.83 and denies the original motion for approval of incentive award (Doc. No. 2516) as moot. In addition, the Court

grants Alpha's motion for incentive award for Frederick H. Stierheim (Doc. No. 2532) in the amount of $95,172.47  The Court directs the General Receiver to direct payments of these amounts to the Class Representatives forthwith.

    IT IS SO ORDERED.

                                              s/ *David A. Katz*
                                              DAVID A. KATZ
                                              U. S. DISTRICT JUDGE