IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIBERTE CAPITAL GROUP,

                Plaintiff,                Case No. 5:99 CV 818

    -vs-

                                     MEMORANDUM   OPINION

JAMES A. CAPWILL, et al.,                   AND ORDER

                Defendant.

KATZ, J.

This matter is before the Court on the Alpha Receiver's ("Receiver") Motion for Order Enjoining Insurers from Challenging the Validity of Policies in the Alpha and CRG Receivership Estates[1] (Doc. No. 2767), the Responses of Sunset Life (Doc. No. 2770) and the Swiss Re Insurers[2] (Doc. No. 2778), and the Receiver's Reply (Doc. No. 2779). For the reasons stated below, the motion will be denied.

**I. BACKGROUND**

The Receiver is part of the cleanup of two failed viatical[3] investment companies. Litigation against the Receiver and Receivership assets has been restricted since at least 2002. Since 2004, insurance companies have been specifically authorized to litigate the validity of

---

[1] The Receivership at issue is separated into multiple estates to address the rights of various parties. Those distinctions are irrelevant to the issue at hand, so the Court will merely refer to the Receivership.

[2] Swiss Re Life & Health America, Inc., Southwestern Life Insurance Company, Reassure America Life Insurance Company, Valley Forge Life Insurance Company, Guarantee Reserve Life Insurance Company, and Continental Assurance Company hereinafter referred to as the "Swiss Re Insurers."

[3] A viatical is a life insurance policy sold as an investment.

policies in the Receivership by suits against the Receiver. This exception to the so-called "general injunction" has been referred to as the "litigation exception."

In 2005, the Court clarified that the litigation exception applied only to policies which had not yet matured (the person whose life was insured had not yet died). Following a decision from the Sixth Circuit and a motion for reconsideration, the Court changed the litigation exception in 2009 to, *inter alia*, allow challenges to matured policies, if the Receivership has not yet been paid.

Sunset Life Insurance Company ("Sunset Life") intervened in this case earlier this year to present a challenge to the validity of a matured policy for which the Receivership has not yet been paid. The Court denied the Swiss Re Insurers' earlier attempt to intervene in this action to contest the validity of over one hundred policies. The Receiver has instituted a separate suit before this Court seeking, *inter alia*, to address the validity of those policies.

The Receiver asks the Court to declare that any insurer "which has not yet properly initiated judicial proceedings to challenge the validity" of any life insurance policy possessed by the Receivership be enjoined from doing so. Doc. No. 2767 at 5-6. Following the responses of Sunset Life and the Swiss Re Insurers, the Receiver clarified that he wished to exclude all pending "proper" challenges to the validity of policies in the Receivership, not just those initiated *by insurers*; in other words, he meant to exclude suits he has thus far initiated which involve a determination of validity as well, such as his suit against the Swiss Re Insurers. Doc. No. 2779 at 1.

## II. ANALYSIS

Sunset Life responded to the Receiver's motion by noting that its challenge was not implicated by his motion. Doc. No. 2770 at 2. This is correct. Because of the ambiguous

2

phrasing from his motion, the Swiss Re Insurers opposed[4] the Receiver's motion. Doc. No. 2778. Due to the Receiver's clarification that he did not mean to prevent any arguments in an action he has brought, not just arguments an insurer has already brought, their opposition is moot because they are excepted from the request.

Not only was the Receiver's initial request ambiguous with regard to its application to suits he initiated, but his request may also be ambiguous with regard to whether it would prevent only new initiation of suits or defenses to attempt to collect death benefits as well. Because the Court will deny either request, no discussion of which request was intended is necessary.

Before considering either possibility, the Court will clarify the litigation exception. The Receiver believes that the litigation exception extends the life of validity challenges in the face of incontestability clauses and statutes of limitation. Doc. No. 2767 at 1. It did no such thing[5]. While the litigation exception extends the life of validity challenges compared to the general injunction or to the Receiver's proposed injunction, it leaves the parties in the same position (for declaratory judgment suits) as if there were no Receivership. In other words, under the litigation exception, the Receiver may still present any statute of limitations or equitable responses to

---

[4] The Swiss Re Insurers again attempt to argue that the Receiver had undoubtably superior access to indicia of fraud and thus they, and other insurers, should be relieved of the burden of investigating the suggestion of fraud. Doc. No. 2778 at 10. In other words, they claim that they have no legal duty to investigate lies on an application until the death of the applicant. The Court has already found this position disingenuous; its repetition does not persuade the Court of its validity. *Liberte Capital Group v. Capwill*, 630 F.Supp2d 835, 840 (N.D. Ohio 2009).

[5] The one potential exception is the change in treatment between the 2005 litigation exception which prevented challenge on any matured policy and the 2009 litigation exception which only prevented litigation on matured polies paid to the Receivership. This is only an exception **if** an insurer wishing to capitalize on the new version can convince the Court that any statute of limitations and equitable defenses should be tolled for the period the 2005 litigation exception controlled.

validity challenges. The specific purpose of the litigation exception was to return insurers to that neutral position. Thus, the Receiver seeks to move from a neutral position to an advantaged position, rather than a disadvantaged position to a neutral position.

The Court may not, and will not, cut off all validity challenges at this time. The Sixth Circuit has stated that even an equity court, such as one presiding over a receivership, must provide due process. *See Liberte Capital Group v. Capwill* (Southwestern), 462 F.3d 543, 552 (6th Cir. 2007); *Liberte Capital Group v. Capwill* (Mohnkern), 421 F.3d 377, 382 (6th Cir. 2005). In the Southwestern appeal, the Sixth Circuit noted that the Court could control the time and manner in which such proceedings are presented, but must allow them to be heard. 462 F.3d at 552 (citations omitted). In the Mohnkern appeal, the Sixth Circuit noted that the process the Court must preserve "depends, in part, on the importance of the interests at stake." 421 F.3d at 383 (citation omitted). Thus, while the Court might be able to set a cutoff time for certain types of claims, the Court may not state, without notice, that such a deadline has passed. The Receiver's only mention of a prospective bar is to acknowledge that any insurer subject to his request might not know of the request. Doc. No. 2779 at 9 n4.

The Court acknowledges that the Receiver has presented a strong argument for the need of a cutoff. Further, the Receiver has stated why he chose this route (minimize cost to the Receivership) and the Court sympathizes with that motive and a court presiding over a Receivership "enjoys broad equitable powers." 462 F.3d at 551. Even so, the Court, sitting in equity, cannot invent a remedy. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999). The Receiver is essentially asking the Court to grant a Motion for Declaratory Judgment declaring that all of the policies governed by the request are valid. This conclusion is further bolstered by the presence of two remedies the Receiver could have invoked,

but did not[6]: a motion to set a time limit for presenting validity challenge claims served upon anyone whose claim would be affected (rather than a motion that such a time limit has passed) or a declaratory judgment suit seeking a declaration that the policies are valid. Either of these could provide a forum for addressing both the Receiver's concerns about the passage of time, if he succeeds, while preserving all due process rights.

The Court may be able to enjoin any new suits challenging the validity of Receivership policies while allowing insurers to defend the Receiver's attempts to collect death benefits on such grounds. This would alleviate due process concerns. However, such an injunction would lead to an inequitable (and perhaps absurd) result: all such challenges would be heard only after policies matured, at the latest possible moment. This approach would unduly increase discovery costs even further.

### III. CONCLUSION

For the reasons discussed herein, the Receiver's Motion for Order Enjoining Insurers from Challenging the Validity of Policies in the Alpha and CRG Receivership Estates (Doc. No. 2767) is hereby denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE

---

[6] The Court does not determine whether a request for either remedy has merit, only that the Receiver could have requested them.