IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIBERTE CAPITAL GROUP, *et al.*,

                Plaintiff,          Case No. 3:9 CV 818

  -vs-

                                    O  R  D  E  R

JAMES A. CAPWILL, *et al.*,

                Defendant.

KATZ, J.

      Pending before this Court is the motion filed by Chicago Insurance Company ("CIC") on April 24, 2012 seeking leave to submit a Bill of Costs against Defendants in a related case, *Chicago Insurance Co. etc v. James A.Capwill*, 3:01 CV 2588. Following a dispositive ruling in *Chicago Insurance*, Judge James G. Carr issued an order holding in abeyance the issue of Bill of Costs and directing CIC to seek permission from this Judge for submission of that Bill of Costs before Judge Carr would give it further consideration. *Chicago Insurance*, Doc. No. 430.

      The Receiver has filed an opposition to CIC's motion for an award of costs and CIC has filed a reply. The matter is now ripe for decision.

      This viatical litigation has been pending before this Court since 1999 and there have been a multiplicity of cases/issues decided by this Court and the Sixth Circuit Court of Appeals. In this particular matter CIC provided professional liability insurance to the Receivership entities CWN Group and Viatical Escrow Services. This Court early on issued an order barring all litigation against the Receiver absent leave of this Court. *Liberte Capital Group etc. v. James A. Capwill*, 5:99 CV 818, Doc. No. 132, pp. 5-6. CIC was provided notice of this litigation and a copy of that order by Fred Luper, former Receiver.

Despite its knowledge of the proceedings in this Court, no leave was ever sought to file any claims against the Receiver. After a series of filings by both the Receiver and CIC beginning in 2001, there was protracted discovery, motion practice and extensive incursion of costs by both the Receiver and other parties, including CIC. Since both those parties and all other parties involved in the litigation incurred significant litigation expense, this Court agrees with the Receiver that it would be inequitable to impose costs on the Receivership estate. This Court has never permitted any claimant to pursue a demand for cash assets against the Receivership entities, the beneficiaries of which will never receive that which would amount to reimbursement for their losses. Now is not the time to permit payment of cash which would otherwise redound to the benefit of the Receivership and its beneficiaries. Those beneficiaries of the Liberte and Alpha Receiverships are the primary victims of the misconduct which led to both the criminal and civil cases before the Court.

This Court is aware that the defrauded investors, which include primarily those beneficiaries of the Receivership estates in Liberte and Alpha, have to this date recovered a small fraction only of their losses and it appears that they will never be made whole. Judge Carr issued an order granting rescission of the insurance policy issued by CIC in *Chicago Insurance*. CIC has never tendered back the premiums paid by the Receivership entities for the rescinded insurance policy, which the Court is advised totaled $16,572 or nearly two-thirds of the total costs for which CIC seeks reimbursement (somewhat in excess of $25, 000). The granting of rescission of a contract annuls that contract and makes it void from its inception. As defined in Black's Dictionary, a rescission amounts to the unmaking of a contract from the beginning. That being

said, it would seem inequitable that the premiums paid by the insured would, after the Court has granted rescission of the contract of insurance, remain for the benefit of the insurer.

For the reasons stated above, CIC's motion for leave to submit a Bill of Costs (Doc. No. 2830) in the related action pending before Judge James C. Carr is denied.

IT IS SO ORDERED.

                                                     s/ *David A. Katz*
                                                     DAVID A. KATZ
                                                     U. S. DISTRICT JUDGE