UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Liberte Capital Group, LLC,                                   Case No. 5:99 cv 818

        Plaintiff

  v.                                                                                    ORDER

James A. Capwill, et al.,

        Defendants

This matter is before me on the Receiver's unopposed motion for limited relief from the order barring potential claimants and seeking relief for one specific claimant. (Doc. No. 3000).

The purpose of the receivership was expressed by Judge David D. Dowd in his Order appointing the initial receiver in July 1999: "The objective of the receivership is to preserve and increase the estate for the benefit of all creditors, investors, owners and parties to this case." (Doc. No. 132 at p. 2).

To that end, the Receivership engaged in exhaustive efforts to locate each and every Liberte investor. By 2006, 91.4% of the Liberte investors had been notified of the settlement agreement between the Liberte and Alpha investor groups. On March 1, 2010, Judge David Katz issued an order barring any Liberte investor who had yet to assert a verified claim from doing so and releasing the Receiver from segregating funds for those unverified claimants. (Doc. No. 2705).

In May 2016, Liberte investor Ronald J. Coogler notified Northeast Escrow Services[1] to assert a claim against the estate. The Receiver has carefully vetted this claim, noting Mr. Coogler was not part of the investor group barred from recovery as he never received notice of the

---

[1] Northeast Escrow Services is the escrow agent employed by the Receiver in this litigation.

1

proceedings in this Court, due to his moving prior to the establishment of the Receivership. He did not provide a forwarding address to Northeast Escrow Services.

Because Mr. Coogler's initial investment was over $80,000, he would be entitled to an immediate distribution of $4,822.50. In addition, Mr. Coogler would also be entitled to collect $803.57 for each additional percentage point distributed to the Liberte class. According to the Receiver, granting an exception to Mr. Coogler regarding his claim would "neither jeopardize the Receiver's ability to preserve the Liberte Estate nor result in any noticeable diminishment in the recoveries of those members of the Liberte Class with timely asserted claims." (Doc. No. 3000 p. 4).

The analysis relative to lifting a stay on a receivership was addressed in *S.E.C. v. Wencke*, 742 F.2d 1230 (9th Cir. 1984):

> (1) [w]hether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.

*Id.* at 1231; *S.E.C. v. One Equity Corp.*, 2010 WL 4878993 *7 (S.D. Ohio 2010).

In this instance, the Receiver contends this analysis advocates allowing an exception for Mr. Coogler. I agree. There has been no objection to this motion and the documentation supporting his claim has been verified by the Receiver.

Accordingly, I grant the Receiver's motion (Doc. No. 3000) and lift the Order (Doc. No. 2705) issued by Judge Katz for the limited purpose of permitting Liberte investor Ronald J. Coogler to file a formal proof of claim.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge