UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Liberte Capital Group, LLC, *et al.*,　　　　　　　　　　Case No. 5:99-cv-818

　　　　　Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

James A. Capwill, *et al.*,

　　　　　Defendants.

## I.　INTRODUCTION AND BACKGROUND

On July 30, 2025, the Court's appointed Receiver, Amy Wuliger, filed a motion for an order requiring the American General Life Insurance Company to show cause why it should not be held in contempt for failing to comply with several court orders. (Doc. No. 3250).

The first relevant order was entered on February 18, 2003. (Doc. No. 1909). In that Order, my former colleague Judge David A. Katz ordered that all assets of Capital Resource Group ("CRG"), "including life insurance policies and funds designated for premiums be turned over to" the Court's duly appointed Receiver. (*Id.* at 1). Judge Katz also ordered that the "insurance carriers whose names appear in Attachment A shall recognize the authority of the . . . Receiver . . . as absolute owner and beneficiary of the policies set forth in the attachment, to act as full owner and custodian of those policies with the authority to sell, transfer, convey or assign rights to said policies." (*Id.* at 3). Further, the insurance carriers, including American General, were ordered to

"provide any and all information" the Receiver requested to the Receiver's escrow agent, NorthEast Escrow Services, LLC ("NES"). (Doc. No. 1909 at 3).

Among the policies listed in Attachment A was American General Life Insurance Company Policy No. D0125820 insuring Daniel Valencia (the "Valencia Policy"). (Doc. No. 1909-1). Judge Katz ordered that the Receiver was required to service a certified copy of his February 18, 2003 Order on the insurance carriers. (Doc. No. 1909 at 4).

After Judge Katz's unfortunate passing, this litigation was reassigned to me on August 18, 2016. (*See* Doc. No. 3004). On October 28, 2019, I entered an Order reaffirming the Receiver as the "absolute owner and beneficiary" of the policies listed in an attachment to the Order – a list that again contained the Valencia Policy. (Doc. No. 3116 at 2, 10). I made clear in that Order that any insurance carrier who failed to fully comply with the Order may be held in contempt and subject to sanctions. (*Id.* at 1). Finally, on the same date, I prohibited any person from interfering with the Receiver's discharge of her duties in this litigation. (Doc. No. 3117).

In February 2025, the Receiver instructed NES to contact American General to obtain information necessary to update the valuation of the Valencia Policy. (Doc. No. 3250-2 at 2); (*see also* Doc. No. 3250-1 at 1-2). In April 2025, after NES reported that American General refused to provide the information because it still listed Mr. Valencia as the owner of the Valencia Policy, the Receiver executed change of ownership forms for the Policy, and NES sent those forms, along with a copy of my October 28, 2019 Order, to American General. (*Id.* at 2; Doc. No. 3250-2 at 2). American General refused to process the forms, asserting it could not make any changes to the Valencia Policy without Mr. Valencia's signature. (*Id.*).

On June 24, 2025, the Receiver served American General's legal department via certified mail with copies of the relevant court Orders and with a letter advising American General that it was

violating those Orders by refusing to acknowledge the Receivership as the true owner of the Valencia Policy. (*Id.* at 2-3). American General has not responded to that letter.

I granted the Receiver's motion for a show cause hearing and ordered that an authorized representative of American General appear for a hearing on October 24, 2025, and show cause why American General should not be held in contempt for its refusal to comply with this Court's orders. (Doc. No. 3254). Service of that Order was completed on American General by certified mail on October 2, 2025, (*see* non-document entry dated October 6, 2025), but American General did not comply with that Order and did not send an authorized representative or otherwise respond.

During the hearing, I ordered the Receiver to file a brief in support of her request for sanctions against American General. The Receiver has done so. (Doc. No. 3257). The Receiver also submitted documentation of the amount of fees and expenses incurred by the Receiver because of American General's refusal to comply with this Court's Orders. (Doc. No. 3257-1).

## II. DISCUSSION

### A. CONTEMPT

Federal courts have the power to punish through contempt proceedings anyone who violates a court order. 18 U.S.C. § 401. The contempt power "enforce[s] the message that court orders and judgments are to be complied with in a prompt manner." *Elec. Workers Pension Tr. Fund of Loc. Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).

In a contempt proceeding, the plaintiff "has 'the burden of establishing by clear and convincing evidence that [the defendant] "violated a definite and specific order of the court requiring [the defendant] to perform or refrain from performing a particular act or acts with knowledge of the court's order."'" *CFE Racing Prods., Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 598 (6th Cir. 2015) (quoting *Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir. 1996) (further quoting *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 591 (6th Cir. 1987))) (alterations by *CFE*

*Racing*). The intent of a defendant in a contempt proceeding is not relevant "'to the validity of [a] contempt finding.'" *Rolex Watch*, 74 F.3d at 720 (quoting *In re Jaques,* 761 F.2d 302, 306-07 (6th Cir. 1985)) (alteration by *Rolex Watch*).

"Civil contempt is a civil action and governed by the Federal Rules of Civil Procedure." *Rogers v. Webster*, 776 F.2d 607, 610 (6th Cir. 1985) (citing 3 C. Wright, Federal Practice and Procedure: Criminal § 705, at 829 (1982)). "[W]here the defendant in a civil-contempt proceeding fails to file a responsive pleading, admitting or denying the accusations made against him, the District Court would be justified ordinarily in adjudicating him in contempt solely on the basis of the averments of his opponent (which would be deemed admitted under Rule 8[(b)(6)])." *Rogers v. Webster*, 776 F.2d 607, 611 (6th Cir. 1985). *See also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.").

I find that American General has refused to comply with this Court's Orders through its refusal to acknowledge the Receiver's ownership of and control over the Valencia Policy, as it repeatedly has sought to require Mr. Valencia to sign change of ownership forms, despite American General's knowledge that Mr. Valencia is deceased. (*See* Doc. No. 3250-1 at 13-18 and Doc. No. 3250-2 at 2-3). American General's refusal to approve the change of ownership forms violated both the February 18, 2003 Order and the October 18, 2019 Order recognizing the Receiver's authority "to act as full owner and custodian of those policies [set forth in the attachment to the Order] with the authority to sell, transfer, convey or assign rights to said policies howsoever the Receiver deems fit, consistent with this Court's orders." (Doc. No. 3116 at 2); (*see also* Doc. No. 1909 at 3).

Further, American General violated the October 18, 2019 injunction prohibiting any person from doing any act "to interfere with the Receiver in the discharge of her duties in this proceeding," (Doc. No. 3117 at 2), and the September 23, 2025 Order requiring American General to cause an

4

authorized representative to appear for an in-person hearing on October 24, 2025, to show cause why American General should not be held in contempt. (Doc. No. 3254). I find American General to be in contempt of all four Orders.

**B.     IMPOSITION OF SANCTIONS**

Contempt sanctions may take the form of a fine or imprisonment, or both. 18 U.S.C. § 401. Civil contempt sanctions are designed "to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). *See also Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911) (Civil contempt sanctions may properly be entered against a party who has refused "to surrender property ordered to be turned over to a receiver.").

One available contempt sanction is "a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order." *Id.* at 829. In addition, a court also may make "an award of attorney's fees . . . for civil contempt in situations where court orders have been violated." *McMahan & Co. v. Po Folks, Inc.*, 206 F.3d 627, 634 (6th Cir. 2000) (citing *Redken Labs., Inc. v. Levin*, 843 F.2d 226 (6th Cir. 1988)). *See also Nat'l Lab. Rels. Bd. v. Bannum, Inc.*, 93 F.4th 973, 982 (6th Cir. 2024) (holding costs and attorney fees are "appropriate in this case to compensate the [plaintiff] for the expenditures incurred due to [the contemnor's] noncompliance"). I conclude that a sanction of both a fine and an award of attorney fees is appropriate in this case.

American General has repeatedly failed to comply with this Court's unambiguous Orders, and its refusal to comply offers me no reason to think that a sanction lesser than a daily fine will be effective in gaining American General's compliance. *See In re Dinnan*, 625 F.2d 1146, 1149 (5th Cir. 1980) ("A coercive, nonpunitive fine payable to the clerk of the court is an appropriate tool in civil contempt cases.") (citing cases).

Therefore, I hereby order that, within 14 days of the date of this Memorandum Opinion and Order, American General shall provide proof to my chambers via email to Helmick_Chambers@ohnd.uscourts.gov, that it has updated its records to show the Receiver is "the absolute owner and beneficiary" of the Valencia Policy and also provide the policy illustration and related information requested by NES on behalf of the Receiver.  If American General fails to comply with either or both of these conditions within the 14-day period and to provide the required proof to my chambers, it shall be subject to a daily fine of $1,000 payable to the Clerk of Court for the Northern District of Ohio, until such time as American General has purged its contempt.

Further, American General's failure to comply with this Court's Orders forced the Receiver and NES to expend time and incur costs in pursuing American General's compliance.  The Receiver submitted an affidavit and billing records in support of her request for an award of fees and costs. (Doc. No. 3257-1).  The Receiver files monthly fee and expense reports in connection with her service in this case, providing me with an uncommonly thorough point of comparison in my consideration of the Receiver's request for fees and expenses incurred in the course of her efforts to obtain American General's compliance.  (*See, e.g.,* Doc. No. 3264).  Following my review of the Receiver's submission in this matter, I conclude that the amount of fees and costs for which she requests reimbursement is fair and reasonable.

Therefore, I order that, within 14 days of the date of this Memorandum Opinion and Order, American General shall pay to the Receiver a total amount of $15,677.23 in attorney fees and costs that were reasonably and necessarily incurred in pursuing American General's compliance with this Court's Orders – $14,421.23 for fees and expenses charged by the Receiver, and $1,256.00 for fees and expenses charged by Northeast Escrow Services.  (*See* Doc. No. 3257-1).  If American General fails to comply with this Order within the 14-day period, it shall be subject to a daily fine of $1,000

payable to the Clerk of Court for the Northern District of Ohio, until such time as American General has purged its contempt.

### III.   CONCLUSION

For the reasons stated above, I hereby find American General Life Insurance Company is in contempt of this Court's Orders.  I order American General to satisfy all the terms of this Memorandum Opinion and Order within 14 days of the date on which it was filed.  If American General fails to satisfy all of these terms within the 14-day period, it shall be subject to a daily fine of $1,000 payable to the Clerk of Court for the Northern District of Ohio, until such time as American General has purged its contempt and compensated the Receiver for the attorney fees and costs incurred in pursuing American General's compliance.

The Clerk of Court shall serve this Order on American General Life Insurance Company by certified mail, return receipt requested, at:

>    American General Life Insurance Company
>    Attn: Legal Department
>    P.O. Box 818006
>    Cleveland, OH 44181

And

>    American General Life Insurance Company
>    Attn: Legal Department
>    P.O. Box 1591, 3-D1
>    Houston, Texas 77251

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge